IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LYNDA K. SALTER,

      Plaintiff,

vs.                                    Case No. 3:08cv189/RV/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

      Defendant.
_____/

## O R D E R

This cause comes on for consideration upon the magistrate judge's report and recommendation dated April 1, 2009 (doc. 12).

After "[a]ccepting Plaintiff's testimony as true," the magistrate in this social security appeal determined that "disability has been established without a doubt" and recommended that the case be remanded to the Commissioner with directions to enter a finding of total disability and award benefits. The parties have been furnished a copy of the report and recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The defendant has filed an objection and argued that the Commissioner's decision should be affirmed or, in the alternative, that the case should be remanded so that the Administrative Law Judge ("ALJ") can more fully articulate the inconsistencies upon which he relied in finding that the plaintiff's testimony was not credible. I have made a *de novo* determination of all timely filed objections.

Having considered the report and recommendation, and the objection thereto

timely filed, I have determined that the report and recommendation should only be partially adopted. The magistrate relied on *MacGregor v. Bowen,* 786 F.2d 1050 (11th Cir. 1986) to fully credit the plaintiff's testimony as to her subjective complaints. That case holds that if a plaintiff's subjective complaints are rejected, the Commissioner must do so explicitly and give reasons for that decision; where he fails to do so, he must be deemed to have accepted that testimony as true. *See id.* at 1054. But, as the defendant points out in his objection, the ALJ in this case *did* make an explicit credibility finding, albeit briefly and without much elaboration. *See, e.g.,* Tr. at 26 ("the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible"); *see also* Tr. at 26-28 (citing medical evidence further supporting the ALJ's finding that the plaintiff's testimony was not entirely credible). On the facts of this case, it is appropriate to remand and allow the ALJ an opportunity to more fully explain and elaborate on the basis of his credibility finding. *See Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (stating that an insufficient credibility finding is "a ground for *remand* when credibility is critical to the outcome of the case") (emphasis added). This is such a case, and a remand for further analysis is appropriate.

Accordingly, it is now **ORDERED** that this action is **REMANDED** to the Commissioner so as to allow the ALJ an opportunity to more fully explain and elaborate on his credibility determination.

**DONE AND ORDERED** this 22nd day of May, 2009.

/s/ Roger Vinson
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**